1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   TONY SEPEDA,                        Case No. 1:20-cv-00838-JLT (PC)

12            Plaintiff,                 **FINDINGS AND RECOMMENDATIONS
                                         TO DISMISS ACTION FOR FAILURE TO**
13       v.                              **STATE A CLAIM**

14   E. CLARK,                           21-DAY DEADLINE

15            Defendant.                 Clerk of the Court to Assign a District Judge

16

17          Tony Sepeda alleges the defendant-doctor provided him inadequate medical care. (Doc.

18   16.) The Court finds that Plaintiff's second amended complaint fails to state a cognizable claim

19   under federal law. Given that Plaintiff has received two opportunities to amend his pleading

20   (Docs. 11, 13), the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698

21   F.3d 1202, 1212-13 (9th Cir. 2012). The Court therefore recommends that this action be

22   dismissed for failure to state a claim.

23   **I.      SCREENING REQUIREMENT**

24          The Court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

26   The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious,

27   fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

28   who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

1  it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

2  theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3  **II.     PLEADING REQUIREMENTS**

4       **A.  Federal Rule of Civil Procedure 8(a)**

5       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

6  exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain

7  "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

8  Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the

9  plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

10  quotation marks and citation omitted).

11       Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

12  cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

13  U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must

14  set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

15  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as

16  true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

17       The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

18  any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

19  liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal

20  theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation

21  of a civil rights complaint may not supply essential elements of the claim that were not initially

22  pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

23  quotation marks and citation omitted), and courts "are not required to indulge unwarranted

24  inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

25  marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

26  sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's

27  liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

28  ///

1

2        **B.  Linkage and Causation**

3        Section 1983 provides a cause of action for the violation of constitutional or other federal

4   rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

5   section 1983, a plaintiff must show a causal connection or link between the actions of the

6   defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,

7   423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

8   deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

9   act, participates in another's affirmative acts, or omits to perform an act which he is legally

10  required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588

11  F.2d 740, 743 (9th Cir. 1978) (citation omitted).

12  **III.    INDIVIDUAL- VS. OFFICIAL-CAPACITY CLAIMS**

13        Plaintiffs can sue governmental actors in their individual or official capacities. *See*

14  *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). When a plaintiff sues a state actor in his

15  individual capacity, the suit "seek[s] to impose personal liability upon . . . [the] official for actions

16  he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). To establish

17  individual liability in a section 1983 case, the plaintiff must "show that the official, acting under

18  color of state law, caused the deprivation of a federal right." *Id.* at 166 (citation omitted).

19        On the other hand, when a plaintiff sues a state actor in her official capacity, the suit

20  "represent[s] . . . another way of pleading an action against an entity of which [the] officer is an

21  agent." *Id.* at 165 (internal quotation marks and citation omitted). "Suits against state officials in

22  their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502

23  U.S. 21, 25 (1991). "A plaintiff seeking injunctive relief against the State is not required to allege

24  a named official's personal involvement in . . . the alleged constitutional violation. . . . Rather, a

25  plaintiff need only identify the law or policy challenged as a constitutional violation and name the

26  official within the entity who can appropriately respond to injunctive relief." *Hartmann v.*

27  *California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citations omitted).

28  ///

    ///

3

1    **IV.    PLAINTIFF'S FACTUAL ALLEGATIONS**

2         Plaintiff's claims stem from events at California State Prison, Corcoran. (*See* Doc. 16 at 2-

3    3.) On an unidentified date, Dr. Clark "cut open" Plaintiff's ear to "attempt[ ] to remove [a] cyst."

4    (*Id.* at 3, 5.) Dr. Clark, "who is not an ear specialist, should not have attempted" the procedure.

5    (*Id.*at 5.) The operation severely injured Plaintiff's ear, causing a "deformity called a cauliflower

6    ear" which "left [Plaintiff] in extreme pain." (*Id.* at 6.)

7    **V.     DISCUSSION**

8         **A.  Deliberate Indifference to Serious Medical Needs**

9         "Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to

10   [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014)

11   (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is

12   manifested by prison doctors in their response to the prisoner's needs or by prison guards in

13   intentionally denying or delaying access to medical care. . ." *Estelle*, 429 U.S. at 104-05. "A

14   medical need is serious if failure to treat it will result in significant injury or the unnecessary and

15   wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations

16   omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards

17   an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837

18   (1994)).

19        The test for deliberate indifference to medical need is two-pronged and has objective and

20   subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish

21   a deliberate indifference claim, a prisoner must first "show a serious medical need by

22   demonstrating that failure to treat [the] prisoner's condition could result in further significant

23   injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the

24   defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and

25   citation omitted).

26        As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need

27   include '[t]he existence of an injury that a reasonable doctor or patient would find important and

28   worthy of comment or treatment; the presence of a medical condition that significantly affects an

1   individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v.*

2   *Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

3         As to the second, subjective prong, deliberate indifference "describes a state of mind more

4   blameworthy than negligence" and "requires more than ordinary lack of due care for the

5   prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (internal quotation marks and citation

6   omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[ ] face[s]

7   a substantial risk of serious harm and disregards that risk by failing to take reasonable measures

8   to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to

9   respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."

10  *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was

11  substantial; however, such would provide additional support for the inmate's claim that the

12  defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

13  2006) (citation omitted).

14        "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060

15  (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from

16  which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must

17  also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official]

18  should have been aware of the risk, but was not, then the [official] has not violated the Eighth

19  Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

20        Plaintiff's allegations satisfy the first, objective prong because they show he suffered from

21  a medical condition that a reasonable patient would find worthy of comment or treatment, i.e., the

22  swelling of his ear due to a cyst. The allegations, however, fail to satisfy the second, subjective

23  prong because they fail to show that Dr. Clark knew that Plaintiff faced a substantial risk of

24  serious harm if he attempted to remove the cyst. Plaintiff's apparent contention that Dr. Clark

25  performed a procedure on his ear that he was not qualified to perform—or, relatedly, that the

26  doctor failed to use the level of skill expected of others in his field when he performed the

27  procedure—at most states a claim of medical negligence under state law. Negligence, though, is

28  insufficient to establish deliberate indifference. *See Farmer*, 511 U.S. at 835.

1    Plaintiff does state that Dr. Clark conducted the procedure on his ear "with malice,"

2   "[knowing] that cutting open [Plaintiff's] ear could cause . . . extreme damages." (Doc. 16 at 5.)

3   This statement, though, is conclusory and unsupported by facts. As explained in section II.A,

4   *supra*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5   statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citation omitted). Based on its *factual*

6   allegations, the complaint fails to plausibly suggest that Dr. Clark "drew the inference" that

7   Plaintiff faced a substantial risk of serious harm when he attempted to remove the cyst. For the

8   above reasons, Plaintiff's allegations fail to establish a claim of deliberate indifference under the

9   Eighth Amendment. This finding does not preclude Plaintiff from pursuing a state-law claim of

10   negligence in state court.

11    **B.  Official-Capacity Liability**

12    Plaintiff sues Defendant in both his individual and official capacities. (Doc. 16 at 5.) As

13   explained in section III, *supra*, suing state actors in their official capacities is another way of

14   suing the state itself. *See Hafer*, 502 U.S. at 25. To impose official-capacity liability, Plaintiff

15   must allege that a law or policy caused the deprivations he suffered. *See Hartmann*, 707 F.3d at

16   1127. Plaintiff, however, does not allege that any law or policy caused the constitutional violation

17   of which he complains. Therefore, he does not state a cognizable official-capacity claim.

18    **C.  Supplemental Jurisdiction**

19    "[I]n any civil action of which the district courts have original jurisdiction, the district

20   courts shall have supplemental jurisdiction over all other claims that are so related to claims in the

21   action within such original jurisdiction that they form part of the same case or controversy." 28

22   U.S.C. § 1367(a). However, courts "may decline to exercise supplemental jurisdiction over a

23   claim" if it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3).

24    Plaintiff alleges Defendant committed medical malpractice in addition to violating the

25   Eighth Amendment. (Doc. 16 at 3-4.) To the extent Plaintiff attempts to raise a medical

26   negligence claim under state law, the Court does not address such claim. Because the Court finds

27   that Plaintiff fails to state a cognizable claim under federal law, it declines to exercise

28   supplemental jurisdiction over any potential state-law claims.

1

**VI.     CONCLUSION, RECOMMENDATION, AND ORDER**

2

    For the reasons set forth above, the Court finds that Plaintiff's second amended complaint

3    (Doc. 16) fails to state a cognizable claim under federal law. Given that Plaintiff has received two

4    opportunities to amend his pleading (Docs. 11, 13), the Court finds that further amendment would

5    be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court

6    RECOMMENDS that this action be DISMISSED for failure to state a claim on which relief can

7    be granted. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

8

    These Findings and Recommendations will be submitted to the United States District

9    Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of

10   service of these Findings and Recommendations, Plaintiff may file written objections with the

11   Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

12   Recommendations." Plaintiff's failure to file objections within the specified time may result in

13   waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

14   *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

15

16   IT IS SO ORDERED.

17   Dated:   __**October 25, 2021**__          _____ **/s/ Jennifer L. Thurston**

18                                       CHIEF UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28